IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT THOMAS,                              Civ. No. 6:12-cv-1167-AA

       Plaintiff,                       OPINION AND ORDER

  v.

OREGON STATE POLICE,
OREGON PARKS & RECREATION
DEPARTMENT(OREGON STATE
FAIR & EXPO), STARPLEX
CORPORATION, and JOHN DOES
1-4,

       Defendants.
_____

Kevin T. Lafky
R. Grant Cook
Lafky & Lafky
429 Court Street NE
Salem, OR 97301
    Attorneys for plaintiff

Ellen F. Rosenblum
Attorney General
Heather J. Van Meter
Senior Assistant Attorney General
1162 Court Street NE
Salem, OR 97301
    Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff filed this action after his arrest and detainment following an altercation at the Oregon State Fair. He asserts violations of 42 U.S.C. § 1983 for deprivation of liberty, unlawful seizure and excessive force. He also alleges battery, negligence, false imprisonment, and intentional infliction of emotional distress. Before the court are: 1) defendants' Motion to Dismiss plaintiff's claims against the Oregon Parks and Recreation Department(OPRD), 2) Motion to Make More Definite and Certain the identities of the John Doe defendants, and 3) defendant's request that plaintiff re-plead his state law claims to conform to the requirements of the Oregon Tort Claims Act(OTCA).

First, the court denies the Motion to Dismiss both claims against OPRD. Second, the court grants the Motion to Make More Definite and Certain the identities of the John Doe defendants. The court will allow plaintiff 75 days to conduct discovery, and plaintiff may seek leave to amend his complaint in order to properly name the John Doe defendants. Finally, the court grants the defendants' motion dismissing plaintiff's state law claims, and plaintiff is ordered to re-plead to conform to the requirements of the OTCA.

I. BACKGROUND

For the purposes of this motion, the court accepts the

allegations of plaintiff's complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff attended a show at the Oregon State Fair in September of 2010. During the show, plaintiff was involved in an altercation with another individual. According to plaintiff, multiple Oregon State Police(OSP) and/or Starplex security guards responded to the altercation by jumping onto the plaintiff and slamming him to the ground, shattering his collarbone. Starplex presumably provided security personnel for the State Fair.

Immediately afterward, plaintiff informed the employees that he needed medical attention. Plaintiff was then handcuffed and put into a locked room where he remained for 45 minutes. Plaintiff maintains that he received no citation, no paperwork, and no explanation of any charges or violations upon his release. He was then escorted off the State Fair premises without receiving medical care.

Plaintiff alleges damages of $2,000 in lost wages and $4,000 in medical expenses as a result of the actions taken by OSP and/or Starplex employees. In addition, plaintiff seeks $300,000 in non-economic damages.

## II. DISCUSSION

### A.   Claims Against OPRD

Defendants move to dismiss plaintiff's claims against OPRD for hiring negligent OSP and/or Starplex employees and for

3 - OPINION AND ORDER

failing to monitor security personnel at the State Fair.

Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. Id. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

Defendants argue that plaintiff's claims against OPRD should be dismissed because OPRD cannot be liable for the actions of a person who is employed by a different entity, in this case, Starplex. In addition, defendants argue that OPRD's alleged failure to monitor security guards is not a legally cognizable

4 - OPINION AND ORDER

claim. They argue that plaintiff's complaint refers to "security guards" only in the context of Starplex employees, and that plaintiff fails to allege, and cannot allege or prove, that OPRD had any control over Starplex's security guards. Plaintiff responds that OPRD, as a principal, is liable for the acts of OSP and Starplex security guards, as agents.

To establish that someone is an agent, "(1) the individual must be subject to another's control; and (2) the individual must act on behalf of the other person." Vaughn v. First Transit, Inc., 346 Or. 128, 136, 206 P.3d 181 (2009). In addition, "when the agent retains control over the details of the manner in which it performs its duties, that agent is a nonemployee agent." Id. at 137, 206 P.3d 181.

In this case, to establish liability against OPRD, plaintiff must show that OPRD "intended or authorized the result of manner of performance of the agent." Matson v. Oregon Arena Corp., 242 Or. App. 520, 526 (2011). If the Starplex security guards allegedly were nonemployee agents of OPRD, there "ordinarily must be a connection between the principal's 'right to control' the agent's actions and the specific conduct giving rise to the tort claim." Vaughn, 346 Or. at 138, 206 P.3d 181.

Thus, the issue is whether plaintiff alleges that OPRD had control over the hiring or monitoring of OSP and Starplex employees for the State Fair.

5 - OPINION AND ORDER

Plaintiff's hiring claim survives if he alleges a connection between OPRD's right to control the hiring of OSP and Starplex employees for the event, and the actions of the employees. Plaintiff alleges that OPRD negligently hired and failed to monitor OSP and Starplex security guards, suggesting that OPRD had such authority over them. Plaintiff also alleges in detail the negligent conduct of OSP and Starplex employees.

At this stage of the proceedings I must accept plaintiff's factual allegations as true and construe all reasonable inferences in his favor. So construed, plaintiff arguably alleges OPRD exercised control over OSP and Starplex employees. I thus find that plaintiff alleges plausible claims that OPRD was negligent in hiring negligent OSP and Starplex employees, and that OPRD failed to monitor the employees. Defendants' Motion to Dismiss the claims against OPRD is denied.

B.  Motion to Make More Definite and Certain John Does 1-4

Defendants request that plaintiff make more definite and certain the identities of the John Doe defendants. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Both parties have suggested that plaintiff be given an opportunity through discovery to identify the unknown employees. I agree. Plaintiff shall have 75 days to conduct

6 - OPINION AND ORDER

discovery on this matter, and may seek leave to amend in order to properly name the defendants within that 75 day period. Defendants' motion is granted.[1]

C. Motion to Dismiss State Law Claims and Re-plead

Defendants argue that plaintiff must re-plead his state law claims because the Oregon Tort Claims Act provides for the exclusive remedy in this case. Defendants are correct that Or. Rev. Stat. § 30.265(2) is the relevant statute here, which provides in part:

> The sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties . . . is an action under ORS 30.260 to 30.300. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action against any such officer, employee or agent of a public body. . . . No other form of civil action is permitted.

As a result, plaintiff is ordered to re-plead his state law claims and comply with the requirements of the OTCA.

III. CONCLUSION

Defendants' Motions to Dismiss and Make More Definite and Certain (doc. 4) are GRANTED in part. The motion is denied with respect to the claims against OPRD. The Motion to Make More Definite and Certain the identities of John Does 1-4 is GRANTED, and plaintiff is allowed 75 days to conduct additional discovery

---

[1] Given the time for discovery to properly name the John Doe defendants, plaintiff is encouraged to make his theory of the case against OPRD more clear.

7 - OPINION AND ORDER

to obtain information necessary to amend its complaint. The Motion to Dismiss the State law claims and for plaintiff to re-plead under the OTCA is GRANTED. Defendants' request for oral argument is denied as unnecessary.

Dated this 18th day of September, 2012.

IT IS SO ORDERED.

                                                      /s/ Ann Aiken
                                                      Ann Aiken
                                  United States District Judge