IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT THOMAS,

        Plaintiff,

  v.

OREGON STATE POLICE, OREGON
PARKS & RECREATION DEPARTMENT
(OREGON STATE FAIR & EXPO),
STARPLEX CORPORATION, SCOTT
VAUGHN, and TODD BURKE,

        Defendants.

Case No. 6:12-cv-01167-AA
OPINION AND ORDER

---

Kevin T. Lafky
R. Grant Cook
Lafky & Lafky
429 Court Street NE
Salem, Oregon 97301
    Attorneys for plaintiff

Simon J. Harding
Guy E. Keating
Schulte, Anderson, Downes, Aronson & Bittner, P.C.
811 SW Naito Parkway, Suite 500
Portland, Oregon 97204
    Attorneys for defendant Starplex Corporation

Page 1 - OPINION AND ORDER

Ellen F. Rosenblum
Attorney General
Heather J. Van Meter
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301
    Attorneys for defendants Oregon State Police, Oregon Parks &
    Recreation Department, Scott Vaughn, and Todd Burke

AIKEN, Chief Judge:

Defendant Oregon Parks & Recreation Department ("OPRD") moves for summary judgment, pursuant to Fed. R. Civ. P. 56, on plaintiff Robert Thomas' negligence claim. For the reasons set forth below, OPRD's motion is granted.

## BACKGROUND

On August 14, 2009, OPRD entered into a contract (the "Contract") with Starplex Corporation ("Starplex") for the provision of security, crowd management, and related services at the Oregon State Fair ("OSF"). On September 3, 2010, Starplex provided security services at a Lynyrd Skynyrd concert during the OSF. Plaintiff attended that concert and, while there, participated in a physical altercation with another attendant.

Following the altercation, Starplex employees asked plaintiff to leave the premises and escorted him to the center aisle. Plaintiff responded by demanding that security remove the other attendant as well. While moving towards the exit, plaintiff was taken to the ground multiple times and placed in handcuffs by Starplex employees, resulting in plaintiff's fractured collarbone.

Upon arriving at a substation, Starplex employees placed plaintiff in custody of the Oregon State Police ("OSP"), where he

Page 2 - OPINION AND ORDER

was detained for approximately forty-five minutes. During this time, plaintiff was not provided any medical attention. Eventually, plaintiff was escorted outside the fairgrounds and security personnel at the gate called an ambulance for him.

On May 29, 2012, plaintiff filed a complaint against defendants in Oregon state court. OSP and OPRD removed the action to this Court based on federal question jurisdiction in conformity with 28 U.S.C. § 1331. On July 6, 2012, OSP and OPRD filed a motion to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). This Court denied defendants' motion with respect to the claim asserted against OPRD. On January 18, 2013, plaintiff filed an amended complaint and, on March 15, 2013, plaintiff filed a second amended complaint, alleging: (1) deprivation of his Fourth Amendment rights in violation of 42 U.S.C. § 1983 against Scott Vaughn and Todd Burke; (2) negligence against OSP and OPRD; (3) false imprisonment and intentional infliction of emotional distress against OSP; and (4) battery, negligence, and intentional infliction of emotional distress against Starplex. On May 1, 2013, OPRD filed the present motion for summary judgment.

## STANDARD

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file, if any, "show that there is no genuine dispute as to any material fact and that the [moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Serv., Inc. v.

Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Plaintiff seeks to hold OPRD liable for negligently hiring and monitoring the OSP and Starplex employees who allegedly caused his injury.[1] Defendant argues that it is entitled to summary judgment

---

[1] Plaintiff does not set forth any argument or evidence relating to OPRD's alleged negligent hiring of OSP employees. See generally Pl.'s Resp. to Mot. Summ. J. As such, the Court declines to address this issue further. Moreover, to the extent that plaintiff asserts that OSP had anything to do with his injuries, the evidence is to the contrary. Plaintiff stated that he assumes a state police officer hit him, but did not actually see the actor. See Lafky Decl. Ex. 1, at 9. In addition, the Starplex supervisor on duty at the time of the incident indicated

Page 4 - OPINION AND ORDER

because no evidence exists to support plaintiff's allegations of negligence. Specifically, OPRD asserts that neither the Contract nor any other evidence establishes that OPRD negligently hired Starplex employees, or that OPRD had a right or duty to monitor them. Conversely, plaintiff contends that OPRD is liable for Starplex employees' allegedly wrongful actions under two theories. First, plaintiff argues that OPRD is directly liable for its negligence in hiring and monitoring Starplex employees, and for delegating its obligation to safely manage concertgoers at the OSF. Second, plaintiff argues that OPRD is vicariously liable for the actions of Starplex employees because Starplex was an actual or apparent agent of OPRD.

I.   Direct Liability

Plaintiff asserts that OPRD is directly liable because "OPRD's duty to monitor Starplex security guards should be nondelegable." Pl.'s Resp. to Mot. Summ. J. 6. In Oregon, nondelegable duties arise "in situations in which the law deems a particular duty so important and so peremptory that it will be treated as nondelegable." Johnson v. Salem Title Co., 246 Or. 409, 413, 425 P.2d 519 (1967) (citation and internal quotations omitted). Oregon recognizes two types of nondelegable duties: (1) those imposed by statute; and (2) those owed by a landowner to keep the premises safe for its business invitees. Id.; Matson v. Or. Arena Corp.,

---

that the only people present to handle plaintiff were Starplex employees. Id. at Ex. 2, at 10. Thus, the record reveals that OSP was not involved prior to plaintiff being placed in police custody at the substation.

Page 5 - OPINION AND ORDER

242 Or.App. 520, 526, 256 P.3d 161 (2011). In the landowner context, Oregon courts have established the existence of a nondelegable duty only when the injury is caused by defects in the property itself. See, e.g., Matson, 242 Or.App. at 522; Hughes v. Wilson, 345 Or. 491, 494, 199 P.3d 305 (2008); Fulmer v. Timber Inn Rest. & Lounge, Inc., 330 Or. 413, 429, 9 P.3d 710 (2000).

Here, plaintiff does not argue that OPRD impermissibly delegated a statutory duty.[2] Further, plaintiff identifies no facts or evidence indicating that defects in OPRD's property caused his injuries. In addition, there is no evidence that OPRD hired Starplex's employees and, under the Contract, Starplex is an independent contractor with control over the means of carrying out the services described therein. See generally Solomon Decl. Ex. 1. Moreover, plaintiff has not cited to, and the Court is not aware of, any authority that has applied the nondelegable duty doctrine in an analogous context and I decline to so here. As a result, plaintiff cannot sustain his negligence claim on the basis that OPRD was directly liable.

II. Vicarious Liability

Plaintiff also argues, in the alternative, that OPRD is

---

[2] Plaintiff cites to Oregon Administrative Rule ("OAR") 736-201-0070 and then states that OPRD "hire[d] a private company to enforce an [OAR] without properly monitoring the hiring of Starplex employees and the methods for enforcing the administrative rule." Pl.'s Resp. to Mot. Summ. J. 6. This rule does not impose any duties on OPRD but merely prohibits certain types of undesirable conduct, such as "loud, rude or unreasonable behavior," at the OSF. OAR 736-201-0070. Thus, while difficult to decipher, to the extent that plaintiff argues that OAR 736-201-0070 creates a nondelegable duty, this argument is rejected.

Page 6 - OPINION AND ORDER

vicariously liable for the actions of Starplex security officers due to an actual or apparent agency relationship.

A.   Actual Agency

The Court must determine whether a reasonable jury could find that Starplex was a non-employee[3] agent of defendant. An individual must meet two requirements before a court will consider him an agent of another: (1) the individual must be subject to the other's control; and (2) the individual must act on behalf of the other. Vaughn v. First Transit, Inc., 346 Or. 128, 136, 206 P.3d 181 (2009). Further, a principal can be liable for the torts of a non-employee agent "only if those actions are within actual or apparent authorization of the principal." Jensen v. Medley, 336 Or. 222, 231, 82 P.3d 149 (2003). Thus, "a principal is vicariously liable for an act of its nonemployee agent only if the principal intended or authorized the result or the manner of performance of that act." Vaughn, 346 Or. at 137-38 (citation and internal quotations omitted). Intention or authorization over the manner of performance must include "the right to control the physical details of the conduct of the agent that gave rise to the tort claim." Id. at 140.

1.   Subject To Another's Control

To support his assertion that Starplex was subject to OPRD's control, plaintiff looks to the terms of the Contract. Under the

---

[3] Neither party argues that Starplex was an employee of OPRD. As a result, there is no need to apply Oregon's "right to control" test. See Wallowa Valley Stages, Inc. v. Oregonian Publ'g Co., 235 Or. 594, 596-601, 386 P.2d 430 (1963).

Page 7 - OPINION AND ORDER

general principles of contract interpretation, contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. See Yogman v. Parrott, 325 Or. 358, 361, 937 P.2d 1019 (1997). Although the plain language of the Contract does allow for OPRD to determine and modify the delivery schedule, as well as to evaluate the quality of the completed performance, these provisions do not serve as evidence that Starplex was subject to OPRD's control; the modification of a delivery schedule occurs prior to any services being rendered and the evaluation of a performance occurs upon completion. See Solomon Decl. Ex. 1, at 5. As a result, neither of these methods of control sufficiently affects the performance of Starplex or its employees in a way that would establish an agency relationship. Furthermore, the Contract specifically states that "OSF cannot and will not control the means or manner of Contractor's performance." Id. at 7.

The remainder of the Contract also serves as evidence that OPRD did not possess control sufficient to establish an actual agency relationship with Starplex. All transportation, scheduling, and management of employees was to remain the sole responsibility of Starplex. Id. at 11, 14. OPRD could not hire Starplex employees; OPRD merely retained the right to "request" that Starplex remove an employee "[i]n the event that Contractor's employee(s) are found to be violating . . . any other provisions of the Contract." Id. at 15. This merely serves as a means for OPRD to enforce the Contract provisions.

Page 8 - OPINION AND ORDER

In sum, nothing in the Contract gives OPRD the authority to hire, train, manage, monitor, or supervise Starplex employees, nor is there any evidence in the record that OPRD actually did so. Therefore, viewing the evidence in the light most favorable to plaintiff, a reasonable jury could not find that Starplex was subject to OPRD's control, such that an actual agency relationship existed.

### 2. Acting On Behalf of Another

There is also insufficient evidence in the record to establish that Starplex was acting on behalf of OPRD. Starplex employees never affirmatively indicated or identified themselves to plaintiff as employees or representatives of OPRD. See Dauven v. U.S. Bank Nat'l Ass'n, 2012 WL 5449632, *10 (D.Or. Sept. 7), adopted in part by 2012 WL 5449628 (D.Or. Nov. 7, 2012). In addition, while providing security services at the OSF, Starplex employees wore clothing that "clearly identifies the individual as being employed by Contractor." Solomon Decl. Ex. 1, at 11. Further, plaintiff specifically stated that he could distinguish between Starplex employees and state employees. See Lafky Decl. Ex. 1, at 7. Accordingly, a jury could not reasonably find the second prong of the Vaughn test is satisfied in the case at bar.

### 3. Non-employee Agent Liability

Even if an actual agency relationship existed between OPRD and Starplex, because nothing in the Contract suggests that OPRD "intended or authorized" either the "result" (plaintiff's broken collarbone) or "the manner of performance" of Starplex's employees,

OPRD cannot be vicariously liable. <u>Vaughn</u>, 346 Or. at 136-38. In fact, as discussed above, the Contract specifically states that "OSF cannot and will not control the means and manner of Contractor's performance." Solomon Decl. Ex. 1, at 7. Thus, although the Contract authorizes the means and manner of performance to some extent by allowing Starplex employees to physically escort individuals out of the venue, it nonetheless does not support the conclusion that OPRD had the right to control the physical manner in which Starplex employees carried out their actual duties. Therefore, plaintiff's claim fails to the extent it is premised on the theory that an actual agency relationship existed between OPRD and Starplex.

    B.   <u>Apparent Agency</u>

Finally, plaintiff argues that even if no actual agency relationship existed, Starplex was an apparent agent of OPRD and, therefore, should be vicariously liable. Apparent authority "can be created only by some conduct of the principal that, when reasonably interpreted, causes a third party to believe that the principal consents to have the apparent agent act for him on that matter. The third party must also rely on that belief." <u>Jones v. Nunley</u>, 274 Or. 591, 595, 547 P.2d 616 (1976). Here, for apparent authority to support potential liability, plaintiff must demonstrate that: (1) OPRD represented, or "held out," Starplex as its agent; and (2) plaintiff actually and justifiably relied on those representations. <u>See</u> <u>Jennison v. Providence St. Vincent Med. Ctr.</u>, 174 Or.App. 219, 229, 25 P.3d 358 (2001).

Page 10 - OPINION AND ORDER

The Court finds that neither of these elements are met. The Contract specifies that Starplex personnel were not OPRD's employees; the Contract also prohibited Starplex from taking any action that would create the appearance it was OPRD's agent. See Solomon Decl. Ex. 1, at 7, 11. The record before the Court reveals that Starplex acted in accordance with these provisions and, additionally, OPRD did nothing to give the appearance that the Starplex security personnel involved in plaintiff's injury were its agents. Specifically, Starplex employees did not indicate in any way that they were state employees or wear any apparel indicating they were agents of OPRD, and OPRD did not provide Starplex with vehicles, logos, or marks for vehicles or apparel that might lead a reasonable person to believe Starplex employees were agents of OPRD. In short, the record lacks any evidence that defendant represented to plaintiff that the security personnel working at the OSF on September 3, 2010 were acting under its authority.

The second aspect of the apparent agency test assesses the degree and reasonableness of plaintiff's reliance upon defendant's actions. See Luciano v. Am. Gen. Life Ins. Co., 2006 WL 581136, *6 (D.Or. Mar. 8, 2006). Plaintiff has not identified any argument or evidence which shows that he did, in fact, rely upon OPRD's alleged representation that Starplex was its agent. Moreover, based on the facts recited above, any conclusion that Starplex was OPRD's agent would not have been reasonable. Accordingly, plaintiff's claim fails to the extent it is premised on the theory that an apparent agency relationship existed between OPRD and Starplex.

Page 11 - OPINION AND ORDER

## CONCLUSION

OPRD's motion for summary judgment (doc. 29) is GRANTED. Therefore, OPRD is DISMISSED as a defendant from this action. The parties' requests for oral argument are DENIED as unnecessary.

IT IS SO ORDERED

Dated this 25th of June 2013.

                                                    /s/ Ann Aiken
                                        Ann Aiken
                              United States District Judge