IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT THOMAS,

Plaintiff,

v.

OREGON STATE POLICE, OREGON PARKS & RECREATION DEPARTMENT (OREGON STATE FAIR & EXPO), STARPLEX CORPORATION, SCOTT VAUGHN, and TODD BURKE,

Defendants.

Case No. 6:12-cv-01167-AA

OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff filed suit alleging violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and state common law claims of negligence, false imprisonment and intentional infliction of emotional distress. Plaintiff's claims against the Oregon Parks & Recreation Department were dismissed on summary judgment, doc. 39, and plaintiff subsequently settled his claims against Starplex Corporation (Starplex). See doc. 45. The case

proceeded to trial on plaintiff's remaining claims against defendants Burke and Vaughn and the Oregon State Police (OSP).

On the first day of trial, plaintiff agreed to dismiss his Fourteenth Amendment claims against defendants Burke and Vaughn alleging failure to provide medical care. Plaintiff also dismissed his negligence claims against OSP alleging failure to train and failure to provide medical care, as well as his claims for false imprisonment and intentional infliction of emotional distress. After dismissal of these claims, plaintiff's claims for trial were limited to his Fourth Amendment unlawful seizure claim against defendant Vaughn and two negligence claims against OSP. Plaintiff's negligence claims alleged that OSP failed to obey proper procedure in dealing with a minor altercation and failed to properly monitor and avoid further harm to plaintiff.

After plaintiff presented his case-in-chief, defendants moved for judgment as a matter of law on all claims. The court reserved the motions. At the conclusion of evidence, the court heard oral argument and granted defendants' motions. See Fed. R. Civ. P. 50(a). "A district court can grant a Rule 50(a) motion for judgment as a matter of law only if 'there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" Krechman v. Cnty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 917 (9th Cir. 2003)). All evidence must be viewed and all inferences must be drawn in

favor of plaintiff, and the evidence at trial must permit only one reasonable conclusion to support judgment as a matter of law. Torres v. City of Los Angeles, 548 F.3d 1197, 1205-06 (9th Cir. 2008). I find that the evidence presented at trial provided no basis for a reasonable jury to find in favor of plaintiff on any of his claims.

Undisputed evidence showed that plaintiff was involved in an altercation at a concert held at the Oregon State Fair (the Fair). Security was called, and Starplex employees removed plaintiff from the concert venue. According to Starplex employees, plaintiff was intoxicated, combative, and non-cooperative. The undisputed evidence presented at trial established that plaintiff's collarbone was broken during his interaction with Starplex employees.

After removing plaintiff from the concert venue, Starplex employees brought plaintiff to the OSP command post at the Fair. Defendant Vaughn processed plaintiff for trespass and ejection from the Fair, and OSP personnel investigated the incident to determine whether an assault of Starplex employees had occurred. After approximately forty to forty-five minutes, plaintiff was escorted to the Fair entrance.

Plaintiff's Fourth Amendment claim alleged that defendant Vaughn detained plaintiff without reasonable suspicion or probable cause and that the length of the detention was unreasonable. However, plaintiff presented no evidence to rebut defendants'

3    - OPINION AND ORDER

evidence that he was involved in an altercation at a Fair concert and could be ejected from Fair property for such conduct. Further, information provided to defendant Vaughn suggested plaintiff had assaulted Starplex personnel. Thus, defendant Vaughn had reasonable suspicion to detain plaintiff for violating State park rules, if not state law. United States v. Arvizu, 534 U.S. 266, 273 (2002) ("[T]he Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot.") (internal quotation marks and citation omitted).

Likewise, plaintiff offered no evidence to rebut testimony that OSP troopers investigated the incident between plaintiff and Starplex employees and interviewed several people involved. It is well-settled that law enforcement officers may extend a detention for a valid investigatory purpose. See, e.g., United States v. Sharpe, 470 U.S. 675, 686-87 (1985); United States v. Torres-Sanchez, 83 F.3d 1123, 1128-29 (9th Cir. 1996). Given the evidence presented, a reasonable jury would have had no legally sufficient evidentiary basis to find that plaintiff's detention was unreasonable.

Even if a jury could have found that a constitutional violation occurred, defendant Vaughn is entitled to qualified immunity. For the reasons explained, a reasonable officer would not have believed that his detention of plaintiff was unlawful or unreasonable under the circumstances. Pearson v. Callahan, 555 U.S.

4    - OPINION AND ORDER

223, 231 (2009). Therefore, I grant defendant Vaughn's motion for judgment as a matter of law on plaintiff's Fourth Amendment claim.

Plaintiff's negligence claims alleged that OSP was negligent by failing to follow proper procedures in dealing with a minor altercation and by failing to monitor the situation to avoid further harm to plaintiff. However, plaintiff submitted no evidence to support a finding that OSP was present during plaintiff's altercation. Further, plaintiff presented no evidence that OSP personnel failed to follow proper procedure at any time during their interactions with plaintiff.

Likewise, plaintiff presented no evidence to support his claim that OSP failed to monitor the situation involving plaintiff. The undisputed evidence at trial showed that OSP troopers were not involved in plaintiff's removal from the concert venue, and plaintiff presented no evidence to show that OSP personnel failed to monitor plaintiff while at the command post. Accordingly, I grant OSP's motion for judgment as a matter of law on plaintiff's remaining negligence claims.

Judgment shall issue accordingly.

IT IS SO ORDERED.

DATED this 26th day of February, 2014.

                                  /s/ Ann Aiken
                                  Ann Aiken
                       United States District Judge

5   - OPINION AND ORDER