IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT THOMAS,

    Plaintiff,

  v.

OREGON STATE POLICE, OREGON
PARKS & RECREATION DEPARTMENT
(OREGON STATE FAIR & EXPO),
STARPLEX CORPORATION, SCOTT
VAUGHN, and TODD BURKE,

    Defendants.

Case No. 6:12-cv-01167-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit alleging violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and state common law claims of negligence, false imprisonment and intentional infliction of emotional distress. After several claims were dismissed through motion practice and settlement, the case proceeded to trial on plaintiff's claims against defendants Burke and Vaughn and the Oregon State Police (OSP).

1   - OPINION AND ORDER

On the first day of trial, plaintiff agreed to dismiss his Fourteenth Amendment and negligence claims alleging failure to provide medical care, and he also dismissed his claims for false imprisonment and intentional infliction of emotional distress. Remaining for trial were plaintiff's Fourth Amendment unlawful seizure claim against defendant Vaughn and two negligence claims against OSP. After plaintiff presented his case-in-chief, defendants moved for judgment as a matter of law on all claims. The court reserved the motions. At the conclusion of evidence, the court heard oral argument and granted defendants' motions. See Fed. R. Civ. P. 50(a). Defendants now move for an award of attorney fees under 42 U.S.C. § 1988 and Oregon law, arguing that plaintiff's claims were without foundation, frivolous and unreasonable.

"A prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988 only when the plaintiff's claims are 'groundless, without foundation, frivolous, or unreasonable.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (citation omitted). Defendants argue that plaintiff's claims were baseless, as the facts presented at trial were disclosed by the State three years prior to trial. Defendants further emphasize that plaintiff's discovery responses were different than portions of his sworn testimony, suggesting discovery violations.

I do not find that plaintiff's claims were so frivolous or unreasonable to warrant an award of fees incurred during the

pendency of the entire case. As plaintiff points out, the State defendants did not move for summary judgment before trial, implicitly acknowledging, from the court's perspective, that questions of fact were at issue. Though plaintiff's claims were supported by a slim reed of factual allegations, such claims must sometimes be subjected to the glare of the courtroom before the paucity of evidence is apparent. While the reasonableness of plaintiff's claims is debatable, I nonetheless decline to award fees in this case.

Defendants also seek an award of costs in the amount of $1,609.35. Under Federal Rule of 54(d), costs "should be allowed to the prevailing party." Defendants seek costs for deposition transcription, subpoena fees, and process server fees. These costs are recoverable under 28 U.S.C. § 1920 and will be awarded.

## CONCLUSION

The State defendants' Motion for Attorney Fees and Costs (doc. 81) is granted as to costs and denied as to attorney fees. Costs are awarded in the amount of $1,609.35.

IT IS SO ORDERED.

DATED this 2ND day of June, 2014.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER